**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

NATHANIEL SIMS,

        Plaintiff(s),

    v.                              DECISION AND ORDER
                                                  09-CV-6643
DR. GORMAN, Psychiatrist, *et al.*,

        Defendant(s).

---

Currently pending before the Court is plaintiff's motion for sanctions, which plaintiff filed on September 8, 2010. (Docket # 11). With the instant motion (Docket # 11), plaintiff asserts that defendants failed to comply with paragraphs 3 and 4 of the Court's May 12, 2010 Scheduling Order (Docket # 6). Plaintiff argues that defendants should be sanctioned for their "blatant disregard" of the Court's Order. (Docket # 11).

With respect to paragraph 3, plaintiff asserts that defendants failed to provide him with their witness list by June 14, 2010. In response to plaintiff's motion, defendants point out that they produced their witness list on September 9, 2010 with their Rule 26 disclosures. See Declaration of J. Richard Benitez, Esq. (hereinafter "Benitez Decl.") (Docket # 14) at ¶ 2; see also Defendants' Rule 26 Disclosures (Docket # 13). With respect to paragraph 4, plaintiff maintains that defendants failed to respond to his pending discovery demands by July 16, 2010. Specifically, plaintiff asserts that defendants failed to produce the relevant video tapes and suicide assessment sheet as requested in his

document demands (Docket # 4). In response, defense counsel avers that defendants (i) have provided all of plaintiff's mental health records (see defendants' discovery responses [Dockets ## 8, 9]), and (ii) initially produced the wrong video footage but "have made another request for the correct video footage" and upon receipt of the new video footage "a copy will be made for the plaintiff's viewing at the facility and for manual filing with the court." See Benitez Decl. at ¶¶ 6, 8. By letter dated October 26, 2010 (Docket # 16), defense counsel requested permission to manually file the new video footage and informed the Court that he "provided a copy to the plaintiff for his review."

The Court, having reviewed the papers in support of (Dockets ## 11, 15) and in opposition to (Docket # 14) plaintiff's motion for sanctions (Docket # 11), as well as the discovery documents at issue, hereby Orders that plaintiff's motion for sanctions (Docket # 11) is **denied.** The Court does not find that defendants' delay in producing the documents and video footage at issue occurred in bad faith or was motivated by improper purposes and, therefore, declines to sanction defendants. See Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 224 (W.D.N.Y. 2000)(noting that to impose sanctions, the court must find that the offending conduct "was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay'") (quoting Schlaifer Nance & Co. v. Estate of

2

Warhol, 194 F.3d 323, 326 (2d Cir. 1999)).

Finally, by letter dated November 28, 2010, plaintiff requests a telephone conference "to discuss a trial date for this action." The dispositive motion deadline in the Court's Amended Scheduling Order (Docket # 17) expired on January 14, 2011. Thus, the instant action appears ready for trial, and this Court will transfer the file to Judge Siragusa so that a trial date may be established. Accordingly, plaintiff's request for a telephone conference with the undersigned to discuss setting a trial date is denied.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   January **20**, 2011
         Rochester, New York